UNITED STATES DISTRICT COURT

Northern District of California

GRANT ADAMS, et al.,

        Plaintiffs,

  v.

UNITED STATES OF AMERICA

        Defendant.

No. CV 10-1432 MEJ

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND IMPROPER VENUE (DKT. #6-1)**

## I. INTRODUCTION

Before the Court is Defendant United States of America's ("Defendant") Motion to Dismiss Plaintiffs'[1] Complaint. (Dkt. #1.) After consideration of the parties' papers, oral arguments and relevant legal authority, the Court ORDERS as follows.

---

[1] For purposes of this Order, "Plaintiffs" refers to all named plaintiffs in this case — Grant Adams, Wayne Bell, William Bradburn, Horace Burnett, Stephen Carignan, Jack Chapman, Steven Collins, James Cooper, Alan Davis, Robert Dolan, John Doll, Dean Escue, Robert Fransko, Robert Gibson, Terry Gillespie, David Graham, David Green, Brent Greenwood, John Ham, Christopher Hartle, Richard Hawley, Robert Hickendorn, Herbert H. Holland, III, Philip Jach, DeLloyd Jacobson, Jonathan G. Jordan, Davis Karges, Walter A. Keller, James B. Kelley, Russell Kellum, Roger Wayne Kirchner, Anthony Earl Lorber, JoBeth G. Lynch, David Mann, John Douglas McCoy, Alan Richard Mittelstaedt, Charles Myrick, Lloyd Nelson, Rene Niolet, Mary Lynn O'Donnell, Michael Oksner, Arnold Pilkington, Robert L. Ravencamp, Jonathan T. Rowbottom, Daniel Roy, Roy L. Smith, James Sweller, Richard Trebesch, Richard Weiss, Clark Jay Wilson and Rodney Wooley.

## II. BACKGROUND

All 52 Plaintiffs are former airline captains who were involuntarily retired by their respective employers pursuant to 14 C.F.R. § 121.383(c), known as the "Age 60 Rule". (Compl. ¶ 134.) The Age 60 Rule, promulgated by the Federal Aviation Administration ("FAA") in 1959, provides:

> No certificate holder may use the services of any person as a pilot on an airplane engaged in operations under this part if that person has reached his 60th birthday. No person may serve as a pilot on an airplane engaged in operations under this part if that person has reached his 60th birthday.

14 C.F.R. § 121.383(c). The Rule was adopted due to concerns at the time about the danger posed to the public if the pilot of a large commercial aircraft suddenly became incapacitated. *See* 24 Fed. Reg. 5248 (June 27, 1959). The FAA found that "there is a progressive deterioration of certain important psysiological [sic] and psychological functions with age, that significant medical defects attributable to this degenerative process occur at an increasing rate as age increases, and that sudden incapacity due to such medical defects becomes significantly more frequent in any group reaching age 60." 24 Fed. Reg. 9767 (Dec. 5, 1959). Since such incapacity could not be accurately predicted, and given the perceived high risks at stake, the FAA prohibited persons from piloting large commercial aircraft after reaching age 60. *Id.* at 9768.

From its inception, the Age 60 Rule faced numerous legal challenges, but courts consistently upheld the rule on varied legal bases. (Def.'s Mot. 3:23-24, Dkt. #6-1.) However, in 2007, however, the Age 60 Rule was repealed by the Fair Treatment for Experienced Pilots Act ("FTEPA") which, among other things, increased the maximum age limit for pilots flying large commercial aircraft to 65 years of age. *Id.* at 3:11-17. The FTEPA does not apply retroactively to those pilots who reached 60 years of age before it was signed into law. (Compl. ¶ 15.) Each Plaintiff in the instant action had reached his or her 60th birthday prior to the promulgation of the FTEPA. *Id.*

Plaintiffs claim that the Age 60 Rule was enacted by FAA Administrator, Elwood Quesada, as a favor to a friend who was, at the time, the Chairman of American Airlines. (Pl.'s Opp'n 5:19-24, Dkt. #10.) Plaintiffs allege that Quesada was responsible for authoring the Age 60 Rule and that he did so as a "regulatory fix" to the problems C.R. Smith, as Chairperson of American Airlines, was

2

facing in labor arbitrations over the airline's retirement policy, rather than for the reasons the FAA publicly stated. *Id.* Plaintiffs further allege that Quesada's appointment to the American Airlines board of directors provides further evidentiary support of the fraudulent nature of the Age 60 Rule because of the relationship between he and Smith. *Id.* at 5:25-28. In addition to the relationship between Quesada and Smith, Plaintiffs cite several news releases, studies and reports in support of their contention that there was no legitimate basis for the Age 60 Rule. *Id.* at 6:1-8:25. Plaintiffs further claim that the FAA was aware of the alleged baseless nature of the Age 60 Rule, refused to conduct an objective review, and instead continued to enforce the rule under false pretenses. *Id.* at 7:17-25, 8:26-9:8.

Based on the alleged fraudulent nature of the Age 60 Rule, Plaintiffs claim that the promulgation and enforcement of the rule constitutes an act of age discrimination by the FAA. (Compl. ¶ 136.) Plaintiffs assert that as a result of the unjustified age discrimination, they have suffered lost wages. (Compl. ¶ 15.) Based on these allegations, Plaintiffs filed individual administrative claims with the FAA claiming that the enforcement of the Age 60 Rule was discriminatory and seeking to recover damages in the amount of their alleged lost wages. (Compl. ¶ 3.) Plaintiffs claim that the FAA either denied or failed to give notice of decision to all claims submitted. (Compl. ¶ 4.)

On April 5, 2010, Plaintiffs filed a Complaint under the Federal Tort Claims Act ("FTCA") against Defendant to recover damages incurred as a result of the FAA's enforcement of the allegedly discriminatory Age 60 Rule. (Compl. ¶¶ 132-142.) On June 1, 2010, Defendant filed the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(3) for lack of subject matter jurisdiction and improper venue. (Dkt. #6-1.) On June 21, 2010, Plaintiffs filed an Opposition (Dkt. #10), and on July 1, 2010, Defendant filed a Reply (Dkt. #16). On July 29, 2010, the Court held a hearing on the matter.

### III. DISCUSSION

In its Motion, Defendant first argues that Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction. (Def.'s Mot. 2:2-10, Dkt. #6-1.) Specifically, Defendant argues that

3

because Plaintiffs' allegations are "inescapably intertwined" with the merits of an FAA order, the United States Court of Appeals ("Court of Appeals") has exclusive jurisdiction over the matter. (Def.'s Mot. 7:22-24, Dkt. #6-1.) Defendant next contends that Plaintiffs' claim must fail because the FTCA excludes from its waiver of sovereign immunity any challenge to the validity of an agency rule or regulation where the Government or its employee exercised due care or discretionary judgment as, Defendant claims, was the case here. *Id.* at 8:12-27,10:17-19. Additionally, Defendant argues that two of the named Plaintiffs have not exhausted their administrative remedies, which is a requirement to file suit under the FTCA. *Id.* at 11:1-2. Finally, Defendant contends that venue is improper for the majority of Plaintiffs listed in this action. *Id.* at 6:19-20.

In their opposition, Plaintiffs argue that Defendant has incorrectly identified the Age 60 Rule as an order — which would require that the matter be heard by the Court of Appeals — when in actuality, it is a rule that may properly be challenged in the District Court. (Pls.' Opp'n 9:11-3, 13:8-12, Dkt. #10.) Plaintiffs argue that their claim is proper because "intentional misrepresentation" does not fall under the due care or discretionary function exceptions, and thus that the claim is not excluded by the FTCA. *Id.* at 13:14-20. Plaintiffs maintain that each of them has filed the requisite administrative claims and provide documentation in support of this contention with their Opposition. *Id.* at 15:23-16:6. Finally, Plaintiffs contend that their claims are consolidated in the interest of the economies of justice and as such, venue is proper. *Id.* at 16:8-12.

**A.     Subject Matter Jurisdiction**

  1.     Legal Standard

Rule 12(b)(1) permits a motion to dismiss based on lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. *Vacek v. UPS*, 447 F.3d 1248, 1250 (9th Cir. 2006). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). The plaintiff has the burden of establishing that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is

permitted to look beyond the complaint to extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

### 2. Application to the Case at Bar

#### *a. Age 60 Rule: Rule or Order*

Defendant claims that the Age 60 Rule was an order and thus that the Court of Appeals retains exclusive jurisdiction. (Def.'s Mot. 7:7-10, Dkt. #6-1.) Plaintiffs maintain that Defendant has mis-categorized the Age 60 Rule, and argue that because it is a rule, this Court has jurisdiction. (Pls.' Opp'n 9:11-13, 9:18-20, Dkt. #10.)

In attempting to distinguish an order from a rule, Courts must look to the following definitions in the Administrative Procedure Act ("APA") in 5 U.S.C. § 551:

> (4) "rule" means the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency and includes the approval or prescription for the future of rates, wages, corporate or financial structures or reorganizations thereof, prices, facilities, appliances, services or allowances therefor or of valuations, costs, or accounting, or practices bearing on any of the foregoing;
>
> (5) "rule making" means agency process for formulating, amending, or repealing a rule;
>
> (6) "order" means the whole or a part of a final disposition, whether affirmative, negative, injunctive, or declaratory in form, of an agency in a matter other than rule making but including licensing

Although "order" is broadly defined, "the definition is residual, generally catching those results not defined as rules." *San Diego Air Sports Center, Inc. v. F.A.A.,* 887 F.2d 966, 970-71 (9th Cir. 1989).

49 U.S.C. § 46110(a) (formerly § 1486(a)), which vests exclusive jurisdiction of review of "orders" to the Court of Appeals, provides that:

> [A] person disclosing a substantial interest in an order issued by the Secretary of Transportation . . . with respect to security duties and powers designated to be carried out by the . . . Administrator of the Federal Aviation Administration with respect to aviation duties and powers designated to be carried out by the Administrator . . . may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides . . . . The petition must be filed not later than 60 days after the order is issued. The court may allow the petition to be filed after the 60th day only if there are reasonable grounds for not filing by the 60th day.

Furthermore, under § 46110(c), where a claim is "inescapably intertwined" with the issuance of or a

5

review of the merits and procedures surrounding an FAA order, the Court of Appeals maintains exclusive jurisdiction. *Tur v. FAA*, 104 F.3d 290, 291-292 (9th Cir. 1997); *Foster v. Skinner*, 70 F.3d 1084, 1087-88 (9th Cir. 1995).

In analyzing the Age 60 Rule, it appears to meet the definition of a rule as defined in 5 U.S.C. § 551(4). It is an agency statement issued by the FAA, generally applicable to all pilots, with the desired effect of both implementing the law and describing the policy of the FAA. Furthermore, this Court has previously classified the Age 60 Rule as a rule under the APA and found jurisdiction over issues arising from the Age 60 Rule proper. *Oksner v. Blakely*, C 07-2273 SBA, 2007 WL 3238659, at *5-6 (N.D. Cal. Oct. 31, 2007). In reaching its conclusion, the Court in *Oksner* relied heavily on a previous decision by the Court of Appeals that contemplated the same issue and held that:

> [The APA] defines a 'rule' as 'any agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy . . . The regulation before us [i.e., the Age 60 Rule] is just such a statement. It is directed to all the commercial airlines and to the more than 18,000 licensed commercial pilots. It looks to the future. It has the character of legislative enactment carried out on an administrative level . . . Promulgation of the age sixty limitation by the Administrator was . . . the formulation of a general rule to be applied to individual pilots at a subsequent time. We think the directive was properly issued in accordance with the rule-making requirements of § 4 of the Administrative Procedure Act.

*Id.* at *5 (citing *Air Line Pilots Ass'n, Int'l v. Quesada*, 276 F.2d 892, 896 (2nd Cir.1960)). Based on the clear language of the Rule, the previous holding of this Court, and pursuant to 5 U.S.C. § 551, the Court finds that the Age 60 Rule falls under the definition of a rule. Accordingly, this Court has jurisdiction over Plaintiffs' claims.

        b.     *Jurisdiction Under the FTCA*

Defendant argues that even if jurisdiction is proper in the District Court, Plaintiffs' claims are barred by the due care and discretionary function exceptions set forth in 28 U.S.C. § 2680 of the FTCA. (Def.'s Mot. 10:17-19, Dkt. #6-1.)

In response, Plaintiffs argue that the alleged intentional misrepresentation by the FAA — that the Age 60 Rule was based on medical and safety reasons — does not fall under the due care exception and furthermore that fraud is not a discretionary function. (Pl.'s Opp'n 13:17-25, Dkt.

#10.)

Subject matter jurisdiction exists only if a plaintiff can assert a claim under the FTCA. 28 U.S.C. § 1346. To do so, a plaintiff must establish: (1) that the claims are not statutorily excluded; (2) facts sufficient to meet the elements of a tort claim against a federal employee acting within the scope of his or her employment; and (3) that the United States is liable "in the same manner and to the same extent as a private individual in like circumstances." *Clark v. U.S.*, C 07-0805 HRL, 2007 WL 2358630, at *2 (N.D. Cal. August 17, 2007). Furthermore, in order to state an FTCA claim, Plaintiffs must show that the wrongs alleged "would be actionable in tort if committed by a private party under analogous circumstances, under the law of the state where the act or omission occurred."[2] *Winchell v. U.S. Dept. of Agriculture*, 961 F.2d 1442, 1443 (9th Cir. 1992) (citing *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.1990)).

28 U.S.C. § 2680(a) excludes certain tort claims and provides that:

the provisions of this chapter and section 1346(b) of this title shall not apply to –
(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

"The purpose of this provision is to bar tests by tort action of the legality of statutes and regulations." *Borquez v. U.S.*, 773 F.2d 1050, 1052 (9th Cir. 1985) (internal citations omitted). Furthermore, "the discretionary function exception serves to insulate certain governmental decision-making from judicial second guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Terbush v. U.S.*, 516 F.3d 1125, 1129 (9th Cir. 2008) (internal citations omitted). This exception supports the

---

[2]Plaintiffs allege viable tort claims exist under each states' law in question, however they do not identify the applicable laws. (Compl. ¶¶ 5,120-131.) U.S.C. § 1346(b)(1) provides that the United States may be held liable under the FTCA only "if a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." For the purposes of this section, the Court will assume that Plaintiffs have stated the relevant laws and that each claim is viable.

7

contention that "[w]hen established governmental policy, as express or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Id.* at 1130 (internal citations omitted).

Plaintiffs argue that the due care and discretionary function exceptions do not bar their claims because "intentional misrepresentation is not due care" and "fraud is not a discretionary function." (Pls.' Opp'n 13:18-20,14:22-25, Dkt. #10.)  In their Opposition, Plaintiffs claim that Defendant knowingly misrepresented the Age 60 Rule as a safety measure and, Plaintiffs argue, enforcing the Rule under such false pretense rises to the level of fraud. *Id.* at 14:1-2, 14:22-25. However, 28 U.S.C. § 2680(h) carves out a separate exception to the FTCA for claims based on misrepresentation.  It provides that the FTCA shall not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).  Therefore, because Plaintiffs base their entire argument on the alleged misrepresentations of Defendant and 28 U.S.C. § 2680(h) expressly prohibits such claims, their claim must fail, and any further analysis as to whether Defendant's actions fall outside of the discretionary function and due care exceptions of the FTCA is unnecessary.

Accordingly, because Plaintiffs have not demonstrated to the Court that Defendant has acted beyond the scope of the exceptions laid out in the FTCA, Defendant is entitled to immunity from any liability predicated upon Plaintiffs' claims.  Therefore, Plaintiffs have failed to met their burden of establishing that subject matter jurisdiction exists in this action, and the Court GRANTS WITH PREJUDICE Defendant's Motion to Dismiss Plaintiffs' claim in its entirety for lack of subject matter jurisdiction.

## IV.    CONCLUSION

Based on the foregoing, the Court GRANTS WITH PREJUDICE Defendant's Motion to Dismiss Plaintiffs' Complaint.  Because the Court finds that the lack of subject matter jurisdiction warrants dismissal of Plaintiffs' Complaint, it need not consider the issues of venue or proper

exhaustion of administrative claims by all named Plaintiffs.

The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: November 5, 2010

Maria-Elena James
Chief United States Magistrate Judge